UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>JAMES KEVIN BALL, AKA King James,<br><br>Defendant-Appellant. | No.  21-50306<br><br>D.C. No.<br>2:21-cr-00094-VAP-1<br>Central District of California,<br>Los Angeles<br><br>ORDER |

Before:  HURWITZ and R. NELSON, Circuit Judges, and KANE,[*] District Judge.

The memorandum disposition filed on May 18, 2023 is amended as follows: On page 3, in the sentence that begins with <The district court considered>, delete <the> in <the key factors>, and delete <the weighty evidence of his guilt;>.  On page 3, after <And the fact that> insert <, as Ball argued in his opening brief and to the district court below,>.  On page 3, after <grand jury proceedings> insert <by early 2021>.  On page 3, after <serious risks and illness.").> insert <Nor did the Central District of California's resumption of jury trials in June 2021 preclude the district court from reasonably determining, as it did, that "protocols to protect health and safety will limit the number of jury trials that can be conducted simultaneously" going forward. *See United States v. Orozco-Barron*, 67 F.4th 1203, 1212–13 (9th

---

[*]    The Honorable Yvette Kane, United States District Judge for the Middle District of Pennsylvania, sitting by designation.

Cir. 2023).>.

With this amendment, the panel voted to deny the petition for panel rehearing. Judge Nelson voted to deny the petition for rehearing en banc. Judges Hurwitz and Kane recommended denying it.

The full court has been advised of the petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.

The petition for panel rehearing and rehearing en banc, Dkt. 44, is **DENIED**. No further petitions for rehearing will be accepted.

NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 26 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  21-50306 |
| Plaintiff-Appellee, | D.C. No. 2:21-cr-00094-VAP-1 |
| v. | AMENDED |
| JAMES KEVIN BALL | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Submitted May 12, 2023**
Pasadena, California

Before:  HURWITZ and R. NELSON, Circuit Judges, and KANE,*** District
Judge.

James Ball pleaded guilty to charges of transmitting harassing and

threatening interstate communications in violation of 18 U.S.C. § 875(c) but

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Yvette Kane, United States District Judge for the
Middle District of Pennsylvania, sitting by designation.

reserved the right to appeal the district court's denial of his Speedy Trial Act motion to dismiss. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

"We review de novo a district court's decision to dismiss on Speedy Trial Act grounds and its findings of fact for clear error." *United States v. Olsen*, 21 F.4th 1036, 1040 (9th Cir. 2022) (per curiam). The Speedy Trial Act's "ends of justice" provision, at issue here, "allow[s] for the exclusion of time where a district court finds 'that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" *Id.* at 1041 (quoting 18 U.S.C. § 3161(h)(7)(A)). We will reverse an "ends of justice determination . . . only if it is clearly erroneous." *Id.* at 1040.

The Speedy Trial Act initially required that Ball's trial begin by May 11, 2021. *See* 18 U.S.C. § 3161(c)(1). But, determining that the ends of justice served by continuing the trial outweighed the best interest of the public and Ball in a speedy trial, *see id.* § 3161(h)(7)(A), the district court reset the trial date from April 27, 2021, to September 14, 2021, and excluded the resulting 140-day period of delay between those dates from the 70-day Speedy Trial Act clock. In doing so, the district court relied principally on pandemic-related court restrictions and related health and safety concerns but also on the month-long unavailability of the victim to testify and defense counsel's scheduling conflict.

We find no clear error in the district court's application of the ends-of-

2

justice exception. The district court considered key factors identified in *Olsen*, including Ball's pretrial detention; his invocation of his right to a speedy trial; and the pandemic-related impediments to the district court's ability to safely conduct a trial, protect the health and safety of all trial participants, and implement rigorous safety protocols to further those objectives. *See Olsen*, 21 F.4th at 1046.

Furthermore, the continuance was not open-ended, Ball conceded the seriousness of his offense, and he did not assert that he was particularly susceptible to complications from COVID-19, all circumstances that support the district court's granting of a continuance and exclusion of time under the ends-of-justice exception. *See id.* And the fact that, as Ball argued in his opening brief and to the district court below, other courts had resumed jury trials and grand jury proceedings by early 2021 did "not mean that they [we]re necessarily holding them safely." *Id.* at 1047 n.10 ("It is unknown whether jurors, witnesses, court staff, litigants, attorneys, and defendants are being subject to serious risks and illness."). Nor did the Central District of California's resumption of jury trials in June 2021 preclude the district court from reasonably determining, as it did, that "protocols to protect health and safety will limit the number of jury trials that can be conducted simultaneously" going forward. *See United States v. Orozco-Barron*, 67 F.4th 1203, 1212–13 (9th Cir. 2023).

Accounting for the 140-day period of delay that the district court excluded

3

from the 70-day clock under the ends-of-justice exception, no more than 56 days of chargeable time elapsed from the filing of the indictment on March 2, 2021, to September 14, 2021, and Ball does not challenge the district court's decision to further continue the trial from September 14 to 28, 2021. Accordingly, Ball has failed to establish any violation of his statutory rights under the Speedy Trial Act.[1]

**AFFIRMED.**

---

[1] Ball also reserved the right to appeal the district court's sua sponte ordering of a competency hearing under 18 U.S.C. § 4241(a). On appeal, Ball argues that because the district court erred in ordering the hearing, it wrongly excluded resulting periods of delay from the 70-day Speedy Trial Act clock. We need not reach this argument based on our conclusion that the district court did not clearly err in excluding the longer, overlapping period of delay due to pandemic-related restrictions and concerns under the Act's ends-of-justice exception.